
DEBORAH M. SMITH
Acting U.S. Attorney

ANDREA T. STEWARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
email: aunnie.steward@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:04-CR-0034 -RRB |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE |
| | ) | TO PETITION PURSUANT TO |
| vs. | ) | 28 U.S.C. § 2255 INCLUDING |
| | ) | REQUEST FOR DISMISSAL OF |
| HERMAN OYAGAK, | ) | PETITION |
| | ) | |
| Defendant. | ) | |

COMES NOW THE UNITED STATES OF AMERICA and responds to defendant's petition, and motion to amend petition, under Title 28 United States Code Section 2255 as follows:

**I.    INTRODUCTION**

On March 16, 2005, an indictment was returned charging Defendant Herman Oyagak with one count of being a felon in possession of a firearm, two counts of

wasteful take of a walrus, and two counts of transportation of a walrus taken unlawfully.  Pursuant to a plea agreement, Oyagak pled guilty to a three-count superceding information charging him with the following:  Count 1, transport of unlawfully taken walrus with the intent to sell; and Counts 2 and 3, wasteful take of walrus.  The count in the indictment alleging that Oyagak was a felon in possession of a firearm was dropped.  The plea agreement entered into by Oyagak was done so pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), thus when the Court accepted the plea agreement Oyagak was sentenced to 84 months imprisonment as agreed to in the binding plea agreement.

If Oyagak had been charged and convicted of being a felon in possession of a firearm, as alleged in the original indictment, he would have been subject to a statutorily mandated sentence of 15 years (180 months) imprisonment.  However, because of the nature of his criminal history, as well as considerations of cultural differences associated with a subsistence lifestyle, the government entered a plea agreement that allowed Oyagak to pled guilty to a superceding information and the charge of felon in possession was dismissed.  Also pursuant to the plea agreement, Oyagak executed a waiver of appellate and collateral attack rights on both his conviction and sentence.  The only exceptions to this waiver were for 1) a challenge asserting ineffective assistance of counsel based on information not

known to the defendant at the time of the plea, and 2) a challenge to the voluntariness of his guilty plea.

On May 7, 2006, Oyagak filed a Petition for a Writ of Habeas Corpus asserting several grounds. On July 5, 2006, Oyagak filed a Motion to Amend the Petition.[1] Oyagak has not raised any issues in the collateral attack of his conviction and sentence in these pleadings that fall into either exception to his knowing and voluntary waiver and they should therefore be dismissed. Moreover, Oyagak's claims are barred by procedural default for failing to raise these claims on direct appeal.

## II.  PETITION AND AMENDED PETITION

Oyagak asserts four grounds for his petition pursuant to § 2255, and five more grounds in his Motion to Amend his petition. The following is a brief description of Oyagak's claims:

---

[1] The claims in the amended petition were filed beyond the one year time limit for § 2255 petitions. Oyagak's judgment was entered on June 1, 2005 and his Motion to Amend was filed on July 5, 2006. A claim in an amended petition that is filed after the one year time limit is considered timely only if the claims relates back to the conduct at issue in the original pleading. Mayle v. Felix, 125 S.Ct. 2562, 2569 (2005). Oyagak raises two new legal arguments in the amended petition that were not asserted in the original petition. The first is that his counsel was ineffective because he failed to raise a claim pursuant to ANILCA. The second is that the term "were" in 16 U.S.C. § 3373(d) cannot encompass prospective conduct. These claims should be dismissed as time barred because they do not relate back to Oyagak's original petition, which targeted the indictment, Fourth and Fifth Amendment issues, and his sentencing.

A.  **Original Petition**

1. Illegal search and seizure, a violation of his due process rights, and a violation of his right against self-incrimination. Specifically, Oyagak alleges that his counsel was ineffective because he did not challenge the indictment as duplicitous, he failed to challenge Oyagak's arrest, he failed to provide a defense, and he mis-handled Oyagak's sentencing.

2. A violation of Federal Rule of Criminal Procedure 32 because his attorney failed to object to the presentence report.

3. A violation of his due process rights because the court failed to make findings on the record regarding disputed information in the presentence report.

4. A violation of his Fifth Amendment rights because the indictment was duplicitous.

B.  **Motion to Amend Petition**

1. An assertion that he had ineffective assistance of counsel because his attorney did not make a legal argument regarding the fact that selling walrus is protected activity for native Alaskans pursuant to ANILCA because it is a "customary trade."

2. An assertion that the factual basis for his conviction only supports a misdemeanor and not a felony conviction because there was insufficient evidence that the walrus he took unlawfully had a market value of more than $350.

3. An assertion that there was a defect that needs to be corrected pursuant to Federal Rule of Criminal Procedure 52(b) in that the term "were" in 16 U.S.C. § 3373(d) cannot encompass prospective conduct.

4. An assertion that there was a violation of Federal Rule of Criminal Procedure 32(c)(3)(D) in that the court failed to ensure that Oyagak's

>   attorney had reviewed the presentence report with him, which Oyagak alleges overstates the severity of his criminal history.
>
> 5.  An assertion of a Sixth Amendment violation because his attorney failed to suppress evidence and conduct a reasonable investigation.

These claims can be summarized as follows: 1) duplicitous indictment; 2) sentencing errors regarding failure to make sure Oyagak reviewed the presentence report; 3) insufficient factual basis to prove the walrus taken unlawfully had a market value of $350 or greater; 4) legal arguments regarding ANILCA as well as a challenge to the meaning of language in the Lacey Act; and 5) Oyagak's attorney's failure to undertake a reasonable investigation and provide a defense. Many of these claims are framed in terms of ineffective assistance of counsel to get past the requirement that a § 2255 petition is cognizeable only if it raises an issue of jurisdiction or constitutional magnitude unless the issue is related to a claim of ineffective assistance of counsel. Neither Oyagak's original petition or his motion to amend make any mention of his waiver of appellate and collateral attack rights set out in the plea agreement.

### III. ARGUMENT

Oyagak does not challenge the voluntariness of his plea or the voluntariness of the waiver in his plea agreement. The United States Supreme Court has held that because the need for finality has "'special force with respect to convictions

based on guilty pleas,'" a guilty plea may be attacked on collateral review only in "strictly limited" circumstances. <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998) (citation omitted). When a defendant challenges the validity of a conviction pursuant to a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." <u>United States v. Broce</u>, 488 U.S. 563, 569 (1989). "And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." <u>Bousley</u>, 523 U.S. at 621.

    Oyagak's guilty plea was made knowingly and voluntarily. Oyagak does not now assert that he was unaware of the nature of his plea, the facts, or elements underlying the conviction or the consequences of his plea. He also does not challenge the voluntariness of the plea. Consequently, Oyagak's claims in his petition and amended petition challenging his conviction are barred because his plea agreement was entered into knowingly and voluntarily. All of his claims challenging both his conviction and sentence are barred because of his knowing and voluntary waiver of his collateral attack rights in the plea agreement. These claims are also barred because of his failure to raise these issues on direct appeal, so that they are procedurally defaulted.

**A.     Waiver**

Oyagak's claims are foreclosed by the plea agreement that he entered into that included a waiver of appellate and collateral attack rights.  The only exceptions provided in this waiver were for 1) a challenge asserting ineffective assistance of counsel based on information not known to the defendant at the time of the plea, and 2) a challenge to the voluntariness of his guilty plea.  Waivers when knowingly and voluntarily made are generally enforceable.  See United States v. Martinez, 143 F.3d 1266, 1271 (9th Cir. 1989).

Although claims of ineffective assistance of counsel are not completely barred by a waiver, they are typically limited to challenging the validity of assistance in entering the plea and waiver.  See, e.g., United States v. Jeronimo, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005) (noting that most circuits allow ineffective assistance of counsel challenges despite a waiver only when the challenge is to the plea negotiation or knowing and voluntariness of the plea); see also United States v. White, 307 F.3d 336, 342 (5th Cir. 2002) (holding that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself"); United States v. Cockeram, 237 F.3d 1179, 1187 (10th Cir. 2001) (holding that an ineffective assistance of counsel claim following a plea agreement can only challenge the

validity of the plea and waiver); Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001) ("When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255."); Mason v. United States, F.3d 1065, 1069 (7th Cir. 2000) (holding that a waiver bars collateral attack including claims of ineffective assistance of counsel unless the assistance targeted was in the negotiation of the plea agreement).

     Oyagak's waiver was both knowing and voluntary. At Oyagak's sentencing the Court specifically addressed Oyagak regarding the waiver of appeal and collateral attack rights to explain what rights he was giving up. The plea agreement containing the waiver was signed by Oyagak. Oyagak does not now challenge his knowing and voluntary waiver of collateral attack and appellate rights. Nor has Oyagak asserted any new facts that were unknown to him at the time of his plea entry that would bring his claims into the exception to the waiver listed in the plea agreement. For all these reasons, his petition and amended petition should be dismissed as barred by his knowing and voluntary waiver of collateral attack rights.

### B. Limited Jurisdiction for Claims Made Pursuant to § 2255 and Procedural Default as a Bar to Bringing Claims Pursuant to § 2255

As a preliminary matter, relief pursuant to § 2255 is not available to assert any possible claim or attack that could be made on an underlying conviction. Section 2255 relief is intended to reach only issues of jurisdiction or of constitutional magnitude. See United States v. Knockum, 881 F.2d 730, 732 (9th Cir. 1989). The courts have long held that "a collateral challenge may not do service for an appeal." United States v. Frady, 102 S. Ct. 1584,1593 (1982). As the Supreme Court noted in the United States v. Addonizio, 442 U.S. 178, 189 (1979), "[i]t has, of course, been long settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on final judgment. The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice." Consequently, most non-constitutional violations of federal law are not cognizable on collateral review. A non-constitutional claim for a violation of a federal statute can only be brought if it alleges a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962). Thus, most non-constitutional violations of federal law are not congnizeable on

collateral review.  See, e.g., United States v. Timmreck, 441 U.S. 780, 783–84 (1979) (barring a claim that the district court violated Rule 11 by failing to advise defendant of mandatory parole term before accepting guilty plea); Hill, 368 U.S. at 429 (barring a claim that the court violated Rule 32 by failing to give defendant opportunity to make a statement before imposing sentence); Peguero v. United States, 526 U.S. 23, 29–30 (1999) (holding that the district court's failure to advise defendant of right to appeal as required by Rule 32(a)(2) does not entitle defendant to collateral relief "when he had independent knowledge of the right to appeal and so was not prejudiced by the trial judge's omission").

Additionally, where a defendant could have raised a claim of error on direct appeal but fails to do so, he must demonstrate the cause excusing his procedural default and actual prejudice resulting from the claim of error.  Mere conclusory statements in § 2255 motion are not enough to require a hearing.  United States v. Johnson, 988 F.2d., 941, 945 (9th Cir.1993) (citation omitted).

To meet the cause standard of cause and prejudice, the defendant must show: "some objective factor external to the defense impeded counsel's effort to raise the claim."  Clark v. Lewis, 1 F.3d 814, 820 (9th Cir. 1993) (citation omitted).  Thus, if the petitioner possessed or by reasonable means could have obtained, a sufficient basis to allege the claim on an appeal, he has not alleged cause.  Omission of the

claim will not be excused because evidence discovered later may have supported or strengthened the claim.  See, McCleskey, 111 U.S. at 1472.  Neither will an assertion that the legal basis for defendant's claim was not reasonably available to counsel at the time of the appeal prevail.  Bousley v. United States, 118 U.S. 1604, 1611 (1998).[2]

A petitioner can avoid the cause and prejudice bar only if he can demonstrate that "a miscarriage of justice" would occur absent a review on the merits.  This exception, however, only applies to remedy a procedural error of constitutional proportion that has probably resulted in the conviction of an innocent person, such that the defendant "supplements his constitutional claim with a colorable showing of factual innocence."  Coley v. Gonzales, 55 F.3d 1385, 1387 (9th Cir. 1995); see also United States v. Benboe, 157 F.3d 1181, 1183 (9th Cir. 1998).

Oyagak has framed many of his claims as assertions of ineffective assistance of counsel in an attempt to get around the bar of procedural default.  As noted

---

[2] In Bousley the Court held that defendant's failure to raise a claim under the Supreme Court's recent decision in Bailey v. United States, 116 U.S. 501 (1995) did not establish the cause element of the cause of prejudice standard even though the case had not been decided at the time of defendant's direct appeal.  The court noted: "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'"  Id. at 1611 (quoting Engle v. Isaac, 102 S. Ct. 1558 (1982)).

previously, the waiver contained in his plea agreement bars him from now asserting ineffective assistance of counsel (except to challenge assistance with the negotiation of plea or knowing and voluntariness of the plea and waiver). If the waiver did not bar these claims, to make out a claim of ineffective assistance of counsel Oyagak would have to show both (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that but for the error the outcome would likely have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Oyagak has not raised any specific issues that would show that his attorney's performance was below standard or that the outcome would have been improved but for substandard assistance. In fact, the record shows that Oyagak's attorney successfully negotiated an agreement for a sentence that was approximately eight years less than what Oyagak was facing as a mandatory minimum for the felon in possession charge.

    Specifically, Oyagak has said that his attorney was ineffective because he failed to challenge the indictment as duplicitous, he failed to challenge Oyagak's arrest, he failed to suppress evidence, he failed to provide a reasonable investigation and defense, he mis-handled the sentencing, and he failed to make a legal argument regarding a defense pursuant to ANILCA. Oyagak makes only vague assertions of ineffective assistance of counsel but provides no concrete

examples, explanations, or evidence that was not available at the time of his guilty plea. He has fallen far short of showing that the outcome of his conviction and sentence would be different if his attorney had done something different, particularly in light of his knowing and voluntary guilty plea. Oyagak knew best the facts surrounding his conviction and sentence and he has not asserted anything that would change the outcome of his conviction or sentence.

Oyagak has failed to establish a basis for jurisdiction for his claims and they are also barred by procedural default for failing to raise these issues on direct appeal. He cannot circumvent procedural default by couching his claims in ineffective assistance of counsel because of his knowing and voluntary waiver and because he has failed to meet the standard of objective failure by his attorney to perform reasonably. The United States will nonetheless briefly address the following issues raised by Oyagak's claims.

## C. Oyagak's Claims

### 1. Duplicitous Indictment

Oyagak alleges that the indictment[3] was duplicitous because it alleged a count for wasteful take of a walrus, as well as transport of the wastefully taken

---

[3] The government assumes Oyagak is referring to the superceding information to which he pled guilty rather than an indictment.

walrus. It appears that Oyagak may have meant to allege a multiplicitous indictment, which is an indictment that charges the same offense in more than one count. United States v. Sue, 586 F.2d 70, 71 n. 1 (8th Cir.1978). The test for multiplicity—charging a single offense in more than one count—is whether the separately violated statutory provision "requires proof of an additional fact which the other does not." United States v. McKittrick, 142 F.3d 1170, 1176 (9th Cir. 1998) (citing Blockburger v. United States, 284 U.S. 299, 304 (1932). Oyagak plead guilty to a felony Lacey Act, 16 U.S.C. § 3372 violation in Count 1 of the superceding information, and two misdemeanor counts of violations of the Marine Mammal Protection Act (MMPA) 16 U.S.C. § 1371, in Counts 2 and 3 of the superceding information. The Lacey Act violation required proof of an element separate from the MMPA counts. The Lacey Act in Count 1 required proof of the transport of the unlawfully taken walrus, which the MMPA Counts 2 and 3 did not. The two counts were thus not multiplicitous. See United States v. Billie, 667 F. Supp. 1485, 1494 (S.D. Fla.1987) (concluding that separate counts for taking under 16 U.S.C. § 1533(a)(1)(B), and possessing, carrying, and transporting under § 1533(a)(1)(D) were not multiplicitous). Even if the counts were multiplicitous, there is no impact to the sentence as the counts would have been grouped and the sentence was an agreed upon sentence.

### 2. Sentencing Errors

Oyagak alleges that he had ineffective assistance of counsel because his attorney did not review the presentence report with him and because his attorney failed to object to the Presentence report. Oyagak also alleges that the Court failed to made findings regarding disputed facts in the presentence report. During Oyagak's sentencing, Oyagak was asked by the Court if he had reviewed the presentence report. Oyagak responded that he had reviewed the presentence report. Oyagak was asked by the Court if he had any questions about the presentence report. Oyagak said he did not. Oyagak has not raised any specific issues or facts that he disputes in the presentence report. Thus, Oyagak's claims of sentencing error fail.

### 3. Insufficient Factual Basis

Oyagak alleges that there was an insufficient factual basis for a conviction pursuant to the Lacey Act because there was no evidence that the walrus he took unlawfully had a value in excess of $350. Oyagak signed a plea agreement that stipulated to a fact statement that included the following; "The ultimate market value of the walrus heads and tusks taken during both hunts exceeded $350.00." See Plea Agreement, filed March 3, 2005, at 14–15. Oyagak has not challenged the voluntariness of the plea. Thus, there are facts in the record sufficient to

establish that the market value of the walrus heads exceeded $350.

### 4. Legal Arguments

Oyagak makes two legal arguments which are foreclosed by his voluntary waiver of collateral attack and appellate rights in the plea agreement. The first is that his counsel was ineffective because he failed to raise a claim pursuant to ANILCA. The second is that the term "were" in 16 U.S.C. § 3373(d) cannot encompass prospective conduct. Oyagak has waived his right to collaterally attack or appeal his sentence and conviction except where he makes a challenge to the effectiveness of his attorney based on new facts he has learned since he entered his plea or the voluntariness of his plea. Oyagak has not asserted that he has learned new facts or that his plea and waiver of collateral attack and appellate rights was not knowing and voluntary. If the Court finds that the waiver in the plea agreement does not bar Oyagak's collateral attack of these legal issues, the government requests a further opportunity to brief these legal issues.

## CONCLUSION

For all of the reasons provided above the United States respectfully requests that this Court recommend that Oyagak's petition and amended petition be dismissed on the grounds that his claims are barred by his knowing and voluntary waiver of appellate and collateral attack rights, his failure to establish cause and

U.S. v. Oyagak
3:04-CR-034-RRB                            -16-

prejudice for not having raised them on direct appeal and, in addition, they fail on the merits.

RESPECTFULLY SUBMITTED this 21st day of August 2006, at Anchorage, Alaska.

                                                DEBORAH M. SMITH
                                                ACTING U.S. ATTORNEY

s/ Andrea T. Steward
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
email: aunnie.steward@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2006,
a copy of the foregoing was mailed to:

Herman Oyagak
Fed. Reg. No. 14941-006
US Penitentiary
3901 Klein Blvd
Lompoc, CA 93436

s/ Andrea Steward