UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
DOCKET NO. 3: 04-CR-0034-RRB

RECEIVED
SEP 14 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES OF AMERICA,

PLAINTIFF

V.

HERMAN A. OYAGAK,

PETITIONER

RESPONSE TO THE GOVERNMENT'S OPPOSITION TO
PETITIONER'S WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2255

DATED: 9-10-06

HERMAN A. OYAGAK
FED. REG. NO. 14941-006
U.S. PENITENTIARY
3901 KLEIN BOULEVARD
LOMPOC, CALIFORNIA
93436

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| United States Of America,<br>  Plaintiff | : <br> : <br> : <br> : <br> : | Docket No.<br>3:04-CR-0034-RRB |
| v. | : <br> : <br> : <br> : | |
| Herman Oyagak<br>  Petitioner | : <br> : | |

Now comes, Herman Oyagak, Petitioner, before this honorable Court submits a response to The Government's Opposition to petitioner, **Petition for a Writ Of Habeeas Corpus, Pursuant to 28 U.S.C. § 2255.**

On May 02, 2006 petitioner submitted before this honorable court the said Writ of Habeas Corpus. On July 5, 2006, petitioner submitted a **Motion To Amend A Writ of Habeas Corpus, Pusuant to Fed. R. Civ. P. 15 (c),** on August 21, 2006 the Government submitted a response to petitioner's Writ of Habeas Corpus, and petitioner's Motion to amend.

This response to the Government's opposition to petitioner's writ of habeas corpus as follows.

-1-

The Government in this case wants a second bite to the apple, and want to miss-lead this honorable court, by stating that petitioner is time barred, petitioner's writ of habeas corpus was filed in a timely manner. Petitioner did not filed his appeal because, ineffective assistance of counsel petitioner requested to his counsel to file a notice of appeal, Counsel failed to do so, petitioner did not file a Writ Of Certitiorary, the amend to the Motion to Amend pursuant to Fed. R. Civ. P. 15 (c), states as follows:

> (c) Relate back of the amendments. An amended of a pleading related to the date of the original pleading when.
>
> (2) The claim or defense asserted in the amended pleading arouse out of the same conduct, transaction, or occurrence set forth in the original pleading, or.
>
> (d) Supplemental pleadings upon motion of a party the court may, upon reasonable notice and up to such terms are just, permit the party to supplemental pleading setting forth transactions, or occurrences or event that had happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.

Therefore petitioners' motion to amend it was filed in a timely manner. Petitioner have asserted Nine (9) grounds for relief, in his petition and the motion to amend, but for Counsel's actions or inactions the result of the proceedings would have been different.

-2-

1. Illegal search and seizure, violation of his due process rights, and violation of his right to self incrimination. Specifically petitioner alleges that his counsel was ineffective because his indictment, as duplicitous, failed tha challenge petitioner's arrest, counsel failed to provide effective assistance of counsel, failed to provide defense , and he miss-handled, petitioner's most critical stage of the proceedings at sentencing.

2. A violation of Fed., R. Crim. P. 32 because his counsel failed to review the PSI, with petitioner, as well to file any objections to the inaccuracy of the PSI. Defense counsel provided ineffective assistance on the most critical stage of the proceedings at sentencing.

3. But for counsel's actions or inactions inter alia failed failed to bring to this honorable court attention "the bright line rule" strict compliance, with Fed. R. Crim. P. 32 regarding the disputed information on the PSI.

4. Violation of his Fifth (5th) Amendment rights because the indictment was duplicitous.

5. In assertion that petitioner had ineffective assistance of counsel because his attorney did not make any legal argument regarding the fact that selling Walrus is protected activity for native Alaskans Pursuant to ANILCA becuase is a "customary trade."

6. Petitioner's assertions but for counsel's failure to bring to the court's attention that

-3-

that the factual basis for his conviction only supports a misdeaminor and not a felony conviction, because there was insufficient evidence that the Walrus petitioner took unlawfully had a market value of $350.00.

7. An assertion but for counsel's failure to brings to this honorable court attention that there it was a "plain error review that needs to be corrected pursuant to Fed. R. Crim. P. 52 (b), in that term "were" in 16 U.S.C. § 3373 (d) cannot encompass prospective conduct.

8. An assertion that for ineffective assistance of Counsel that the court failed to ensure and reinforce a "bright line rule" strict compliance that the court failed to ensure that petitioner and counsel had the opportunity to review the PSI.

9. An assertion of ineffective assistance of counsel failed to suppress evidence and conduct a reasonable investigation.

The question of whether a defendant's lawyer's representation violates the Sixth (6th) Amendment right to effective assistance of counsel is a mixed question of law and fact. The Sixth (6th) Amendment to the United States Constitution provides that "[i]n all criminal procecution, the accuses shall enjoy the right ..... to have assistance of counsel for his defense." It has been long recognized that the right to counsel id the right to the effective assistance of counsel." **McMann v. Richardson,** 397 U.S. 759, 771 n. 14 (1970). under the familiar two-part test of **Strcikland v. Washington,** 466 U.S. 668 (1984).

-4-

A defendant claiming ineffective assistance of counsel must demostrate that the representation (1) "fell below the standard of reasonableness," id. at 588, 104 S.Ct. 2052, and (2) prejudiced the defendant, id. at 694, 104 S.Ct.2052.

In cases where the defendant gives counsel no instructions on whether to appeal, this honorable court would ask whether counsel consulted with the defendant about the possibility of appeal. **Flores Ortega, 528 U.S. at 478, 120 S.Ct. 1029.** If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professional unreasonable manner only by failing to follow defendant's express instructions with respect to appeal. If counsel failed to consult we would ask whether "there is a reasonable probability that, for counsel's deficient failure to consult with him about an appeal,. he would have timely appealed." Id at 484, 120 S.Ct. 1029. If so prejudice is presumed. Id. In the present case Petitioner alleges that he requested an appeal, but that his requests were ignored, so we need not examine the consultation or decide whether a waiver would effect the consultation analysis under **Flores Ortega.**

In **Flores Ortega,** the Supreme Court applied the **Strickland** test to claims that counsel was Constitutionally ineffective for failing to file a notice of appeal. **528 U.S. at 476,77, 120 S.Ct. 1029.** The **Flores Ortega** Court held that a lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable,

-5-

id. at 477, 120 S.Ct. 1029, and that counsel's error leads to "the forfeiture of a proceeding itself." prejudice will be presumed, id. at 477, 120 S.Ct. 1029. "'When counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit.'" In (quoting **Peguero v. United States**, 526 U.S. 23, 28 **(1999)** (internal brackets omitted). The question in this case is whether the **Flores Ortega**, presumption of prejudice applies to a defendant who has waived appeal in a plea agreement.

To understand the issues raised by this case, is necessary to understand the scope of defense counsel's obligations when an appeal would apparently be frivolous. Generally, attorneys who believe their client's appeal would be frivolous are require to file a brief in compliance with **Anders v. California**, 386 **U.S. 738 (1967)**. **Anders,** requires that counsel submit a brief to the court and to the defendant, requesting withdrawal but "referring to anything in the record that might arguably support the appeal." Id. at 744, 87 S.Ct. 1396.

> [T]he Court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements is concerned, or proceed to a decision on the merits. On the other hand, if it finds any legal points arguable on their merits (and threfore not frivolous)it must prior to the decision, afford the indigent the assistance of counsel to argue the appeal.

-6-

In **United States v. Gomez Perez**, 215 F.3d 315 (2000), this court held that an **Anders** Brief is required in situation where the defendant has executed a waiver of appeal. A post waiver **Anders** brief must address: (1) whether the plea and the waiver were Knowingly, voluntary, competent; (2) whether it would be against the defendant's interest to contest his or her plea; and (3) any issues implicating rights that cannot be, waived. Id. In situations, important Constitutional rights require some exceptions to the presumptive enforceability of a waiver. Id. at 319 (noting that waivers are not enforceable "when the waiver was not made knwingly, voluntarily, and competently.......when the sentence was imposed based in constitutionally impermissible factors......, when the Government breached the plea agreement...., or when the sentencing court failed to enunciate any rationale for the defendant's sentence" (internal citations, alterations, and quotation marks omitted)). This constitutional protections are endangered if counsel fails to pursue an appeal without advising the client of the reasons for doing so.

We further noted that the filing of an **Anders** brief would make it appropriate for this court to consider whether the appeal would be frivolous and to dismiss the appeal of we so found.

> In the event that the defendant's Counsel files an adequate **Anders**, brief and the defendant likewise fails to point any non-frivolous issues pertaining to the plea agreement and appeal waiver, a motion panel then will review the record and determine whether is appropriate to dismiss the appeal.

-7-

Thus, **Gomez Perez,** strongly suggests, and may this honorable court may hold the teachings of **Gomez Perez,** that when counsel does not file a requested notice of appeal and fails to an adequate **Anders,** brief, the court may not dismiss the hypotherical appeal as frivolous on collateral review. See, **United States v. Garrett,** 402 F. 3d 1262, 1267, (2005)( holding that **Flores Ortega,** presumption of prejudice applies even where the defendant waived appeal in plea agreement, "regardless of whether from the limited prospected of collateral review, it appears that the appeal will not have any merit.

Because the present case involves the lost of a chance at an entire appellate proceeding similar to **Garcia v. United States,** 270 F. 3d134 (2002), in which this court held that a defendant who was incorrectly adviced by counsel that no appeal was possible must be granted the opportunity to appeal. Id. at 137. At the case at hand the Government has review the petitioner's allegations and agree that petitioner has asserted Nine (9) non-frivolous issues.

"Under the teaching of the Supreme Court in **Flores Ortega,.....** [T]he defendant on habeas review] is not required to establish the merits of any claim that would have revised on direct appeal." Id. at 138. The same reasoning applies here.

Our precedents take, very seriously the need to make sure that the defendants are not unfairly deprived of the opportunity to appeal even after a waiver appears to bar appeal.

-8-

In **United States v. Tang**, 214 F. 3d 365 (2000), for example, the court suggested that whenever a defendant indicate the desire to appeal despite a waiver, the District Court should inform the defendant of the timeframe for doing so regardless whether the judge believes a non-frivolous grounds for appeal exists. Id. at 370. **Tang,** noted that when a waiver is "of the type we have also ruled generally enforceable," the district court judges "should not giving unqualified advice concerning the appeal." **214 F. 3d at 370.** (emphasis added). See, **Fed. R. Crim. P. 32 (j)(1)(B)**(requiring advice of "any right to appeal"), of course when a waiver appears enforceable, a judge should not advice the defendant he or she has a right to appeal, because ordinarily this would be incorrect. But even after a waiver, **Tang,** suggests courts should make sure defendants are informed of the possibility of appeal. The implication is that a waiver does not signal an and to our concern for a defendant's right to participate fully in a decisions about whether to appeal.

this obvious concern raised by the application of the Supreme Court in **Flores Ortega,** presumption to post-waiver situations is efficiency perharps in the instant case, it would be simple to reach the merits and, presuming we find that petitioner failed to make a non-frivolous challenge to his plea agreement, to dismiss the appeal. It is tempting to require petitioner to show his appeal raises non-frivolous issues now, instead of awaiting of the results of an evidentiary hearing and, potentially, a second appeal.

-9-

But if we require him to make that showing now we would undermine the teachings of the Supreme Court and the Principles of the Sixth (6th) Amendment to the United States Constitution by allowing attorney's who believe their clients' appeals to be frivolous simply to ignore the clients' requests to appeal. Nor do we believe our holding will substantially burden the court, when a defendant claims that attorney failed to filed a requested notice of appeal, the following proceedings will ensue; (1) a hearing before the district court pursuant to **28 U.S.C. § 2255** to determine whether the client requested the appeal; (2) an appeal from the district court's ruling, should any party seek one, and (3) a direct appeal if the defendant prevails on his ineffectiveness assistance challenge.

Petitioner contends that his plea was entered unconstitutionally because it was based upon legal assistance so defective that deprive him of his constitutional right protected under the Sixth Amendment the right to effective assistance of counsel. A guilty plea is constitutional valid if and only if it "represents a voluntary and intelligent choice among the alternative courses of action open the defendant." **Hill v. Lockhart**, 472 U.S. 52, 56 (1985). A plea based upon advice of counsel that "fails bellow the level of reasonable competence such the defendant does not receive effective assistance," **Loughery**, 908 F. 2d at 1019, is neither voluntary nor intelligent, See **Taylor** 139 F. 3d at 929.

At the present case petitioner has satisfied the two prong standard of **Strickland v. Washington**, 466 U.S. 668 (1984).

-10-

In the grounds asserted by the petitioner, and the Government recognize the assertions made by the petitioner (1) his counsel's performance fell bellow an objective standard of reasonableness, petitioner has identifying specific acts and omissions of counsel that are alleged not to have been the result of a reasonable professional judgment; (2) that there is a reasonable probability that, for counsel's errors, he would not plead guilty, and would have insisted going to trial. In this context, a "reasonable probability " is one in the defendant's decision to plead guilty. <u>Strickland v. Washington</u>, 466 U.S. at 694; See, Hill 474 U.S. at 59, 106 S.Ct. 366.

Petitioner has also satisfied the second part of the <u>Strickland</u> test: he has shown a "reasonable probability" but that for counsel's mistake he would not have plead guilty, counsel told Petitioner that by pleading guilty to the felony possession of the Walrus, in which there it was not sufficient evidence to support petitioner's conviction of a felony, instead as the Government agree in the petitioner's assertion that the Walrus market value it was no more than $ 350. Moreover, counsel'd failure to prepare a defense in which ANILCA is unconstitutional "Customary trade" is a part of the tradition of the native Alaskan people. Petitioner may be guilty of a misdeaminor violation and shall not be punished no more than two years. Not to 84 Months of imprisonment. the difference between counsel's predicted is m ore than four years, in this case the record is so clear, that petitioner decision to plead guilty was not a "voluntary and intelligent choice among the alternative-

-11-

choice among the alternative courses of action open to him." the analysis with the case at hand we are virtually compelled to determine that counsel was not effective. As petitioner has stated on his arguments, counsel has not presented no evidence at the penalty phase and virtually no argument. It has been recognize that the mere failure to present evidence at sentencing, as troubling as that may be on its face, the failure to present evidence have not been base upon tactical considerations, this honorable court have not hesitated to find deficient performance. See **Hendrix v. Calderon, 70 F. 3d 1043-44 (9th Cir. 1986).** failure to investigate and to present any evidence of mitigation such as the market value of $350.00 was not a tactical.

In the case at hand , counsel did not perform any real investigation into mitigating circumstances even through the evidence was rather near the surface, not tactical reason is given for that failure, the record before us indicates that counsel asked nothing more that a generalized questions and conducted no of the real probing that legal praxis assumes and even demans. We simply cannot find any reason, tactical or otherwise , for counsel to develop any mitigating evidence at all for the purpose defending petitioner at the sentencing phase. Counsel could have, at least pointed out to petitioner's drug and alcohol history, his change of personality after all this years of his addiction, and his fine set of family relationship at the time. Counsel could have alluded to petitioner's love his children and family members and his support of them.

We can see no justification for counsel's failure to present evidence or argue in petitioner's behalf. Even if no great amount of additional evidence were developed, counsel could have at least presented some argument based upon the presentence report. the report reflected prior drug abuse; good family relationship; the existence of petitioner's children. As we see it, the failure to even attempt to persuade the sentencing judge, through evidence or argument, that he should grant petitioner some leniency "amonut[ed] in every respect to no representation at all." **Clabourne**, 64 F.3d at 1387 (citations omitted).

### CONCLUSION

Therefore, petitioner asks and prays this honorable court, to restore the petitioner from the unjury suffered, and start at new, or grant an evidentiary hearing, and resentence the petitioner to a misdeaminor conviction, the case is ripe for review and determination, and this honorable court in her wisdom would grant the remedies requested and all other relief that the petitioner may be entitled may deem just and apropriate.

Respectfully Submitted

Dated: 9-10-06

Herman A. Oyagak