# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>vs.<br><br>HERMAN OYAGAK,<br><br>　　　　Defendant. | 3:04-cr-00034-02-RRB-JDR<br><br>**RECOMMENDATION<br>REGARDING<br>MOTION TO DISMISS**<br><br>(Docket No. 122) |

　　　　The court has now before it the government's motion to dismiss Mr. Herman Oyagak's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket No. 122). Mr. Oyagak's motion was filed at Docket No. 112 and amended at Docket No. 120. He replied to the government's motion to dismiss at Docket No. 123. Despite being eligible for court appointed counsel, Mr. Oyagak has chosen to proceed *pro se*. For the reasons that follow, the government's motion to dismiss should be granted.

## BACKGROUND

On March 16, 2005, Oyagak was indicted on one count of being a felon in possession of a firearm, two counts of wasteful taking of a walrus, and two counts of transportation of a walrus unlawfully. Pursuant to a plea agreement, Oyagak plead to a three-count Information (Docket No. 95) as follows: Count 1, unlawful transportation of wastefully taken walrus with intent to sell in violation of 16 U.S.C. § 3372(a)(a) and § 3373(d)(1)(B); and Counts 2 and 3, wasteful taking of walrus in violation of 16 U.S.C. § 1375.[1] The plea agreement was entered into pursuant to Fed R. Crim. P. 11(c)(1)(C) which was binding and provided for a sentence of 84 months. Oyagak was sentenced to 84 months.

Pursuant to the plea agreement, Oyagak executed a waiver of appellate and collateral attack rights on both his conviction and sentence. The only exceptions to the waiver provided in the Plea Agreement were: (1) any challenge to his conviction or sentence asserting ineffective assistance of counsel based on information not now known to the defendant and which, in the exercise of reasonable diligence could not be known by the time the court imposes sentence; and (2) a challenge to the voluntariness of his guilty plea.[2]

---

[1] The count in the original indictment alleging that Oyagak was a felon in possession of a firearm was dropped.

[2] Plea Agreement, Docket No. 96, p.7.

## DISCUSSION

Oyagak makes his petition as a *pro se* litigant. His original petition states four grounds for relief and his amended petition states another five grounds, for a total of nine grounds. The nine grounds which have been well summarized by the government's brief are:

(1)     Illegal search and seizure, a violation of his due process rights, and a violation of his right against self incrimination. Oyagak specifically alleges that his counsel was ineffective because he did not challenge the indictment as duplicitous, he failed to challenge Oyagak's arrest, he failed to provide a defense, and he mis-handled Oyagak's sentencing.

(2)     A violation of Federal Rule of Criminal Procedure 32 because his attorney failed to object to the presentence report.

(3)     A violation of his due process rights because the court failed to make findings on the record regarding disputed information in the presentence report.

(4)     A violation of his Fifth Amendment rights because the indictment was duplicitous.

(5)     An assertion that he had ineffective assistance of counsel because his attorney did not make a legal argument regarding the fact that selling walrus is a protected activity for native Alaskans pursuant to ANILCA because it is a "customary trade".

(6)     An assertion that the factual basis for his conviction only supports a misdemeanor and not a felony conviction because there was insufficient evidence that the walrus he took unlawfully had a market value of more than $350.

(7)     An assertion that there was a defect that needs to be corrected pursuant to Federal Rule of Criminal Procedure 52(b) in that the term "were" in 16 U.S.C. § 3373(d) cannot encompass prospective conduct.

(8) An assertion that there was a violation of Federal Rule of Criminal Procedure 32(c)(3)(D) in that the court failed to ensure that Oyagak's attorney had reviewed the presentence report with him, which Oyagak alleges overstated the severity of his criminal history.

(9) As assertion of a Sixth Amendment violation because his attorney failed to suppress evidence and conduct a reasonable investigation.

The threshold question presented by the government's motion as to all of Oyagak's claims is whether they are foreclosed by the plea agreement he entered into, which included a waiver of appellate and collateral attack rights with the two exceptions previously stated herein.

Some of the grounds alleged by Oyagak are not associated with an ineffective assistance of counsel claim. Those grounds include illegal search and seizure (part of ground 1), an independent claim that the indictment was duplicitous (ground 4), an assertion that the factual basis for his conviction supported only a misdemeanor not a felony conviction because the evidence was insufficient to support a finding that the walrus he took had a market value of more than $350 (ground 6); an assertion that the term "were" in 16 U.S.C. § 3373(d) cannot lawfully encompass prospective conduct (ground 7); and the failure of the court to ensure that his attorney had reviewed the Pre-sentence Report with him prior to sentencing (ground 8). Oyagak is precluded from litigating these claims in his § 2255 motion because of the binding plea agreement waiving his right to appeal and right to collaterally challenge his conviction except as specified in the plea agreement itself.

The plea agreement filed March 3, 2005 (Docket No. 96) states in relevant part: "The defendant understands that by pleading guilty he waives his right to appeal his conviction. (Plea Agreement, p.6). "[T]he defendant also knowingly and voluntarily agrees to waive his right to collaterally attack his conviction and/or sentence – including any forfeiture, whether civil or criminal, administrative or judicial or conditions of supervised release imposed. The only exceptions to this collateral attack waiver are as follows: (1) Any challenge to his conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be know by the time the court imposes sentence; and (2) a challenge to the voluntariness of his guilty plea." Plea Agreement, p.7.

The Plea Agreement further contains a section addressing the defendant's understanding of the terms of the Plea Agreement. Included in those rights is the right to confront or cross-examine witnesses against him and the right to subpoena witnesses to appear in his behalf, and the right to contest the validity of any searches conducted on his property or person, or the validity of any seizures involving forfeiture assets. Plea Agreement, pp. 18-19. There is an additional statement where the defendant voluntarily waives his right to appeal his conviction at p.19.

A movant claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," and (2) "There is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been would have been different." Strickland v. Washington, 466 U.S. 668, 687-690 (1984). Mere conclusory allegations are insufficient to prove that counsel was ineffective. Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989). A movant fails to state a claim for ineffective assistance of counsel if he fails to allege facts sufficient to meet either the "performance" or "prejudice" standard, and the district court may summarily dismiss his claim(s).

The remaining grounds of the § 2255 motion as amended assert ineffective assistance of counsel claims which for reasons discussed below do not survive the waiver of appeal and collateral attack contained in the plea agreement because the claimed assistance of counsel does not directly affect the validity of the waiver or the plea itself. Moreover, the § 2255 motion does not assert that the ineffective assistance of counsel claims are based on information that was not known or could not have become known to Oyagak in the exercise of reasonable diligence at the time of his pleas of guilty to fit within the escape valve of the limitation on ineffective assistance of counsel challenges not waived.

On p.20, the Plea Agreement states: "I am fully satisfied with the representation given me by my attorney, Scott Sterling. We have discussed all possible defenses to the charges in the Indictment. My attorney has investigated my case and followed up on any information and issues I have raised with my attorney to my satisfaction and my attorney has taken the time to fully explain the legal and factual issues involved my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation."

The Plea Agreement recites that the document contains all of the agreements made between the defendant, his attorney and the attorney for the government regarding his plea. Plea Agreement, p.22. "There are no other promises, assurances, or agreements, between me, my attorney, and the United States that have affected my decision to change my plea to enter into this agreement. If there were, I would so inform the court." Plea Agreement, p.22. The document also contained a statement that the defendant has read the Plea Agreement carefully and understands it thoroughly, Plea Agreement, p.22.

Courts have recently pondered whether a defendant's waiver of his right to a § 2255 motion should apply to an ineffective assistance of counsel claim. A good analysis of this issue is set forth in United States v. White, 307 F.3d 336 (5th

Cir. 2002). Oyagak does not argue that his attorney "induced him" or forced him to sign the plea agreement or that the attorney made any misrepresentations to him in order to induce his pleas of guilty. Most of the allegations of ineffective assistance of counsel are predicated upon pre-plea considerations such as an alleged illegal search and seizure, the challenge to his arrest, a challenge to the sufficiency of a defense theory allegedly overlooking an argument that selling walrus is a protected activity for Native Alaskans pursuant to ANILCA or the market value of the walrus taken.

Oyagak further argues that his attorney was unconstitutionally deficient because he did not adequately review the Pre-sentence report with him and the Pre-sentence report over states the severity of his criminal history. The assertion that he received ineffective assistance of counsel at his sentencing hearing is barred by his explicit waiver of appeal unless ineffective assistance of counsel claims cannot themselves be waived.

In White the Fifth Circuit addressed for the a first time the question of whether all ineffective assistance of counsel claims survive a valid waiver of appeal contained in a plea agreement. In other words, the court faced the issue of whether a waiver of appeal remains valid if the § 2255 movant argues that he received ineffective assistance of counsel at stages of the proceedings other than the plea or waiver itself. The White court examined other circuit decisions and held that

ineffective assistance of counsel claims survive a waiver of appeal <u>only</u> when the claimed assistance directly affects the validity of that waiver or the plea itself. Because White did not challenge the validity of his plea, the court ruled, he waived his ineffective assistance claim.

Both the Fifth Circuit and the Tenth Circuit have relied in part on the Supreme Court's opinion in <u>United States v. Broce</u>, 488 U.S. 563, 109 S.Ct. 757(1989) as supportive of the above reasoning.  *See* <u>White</u>, 307 F.3d at 343; <u>United States v. Cockerham</u>, 237 F.3d 1179, 1187 (10th Cir. 2001). <u>Broce</u> concerned the ability of defendants who pleaded guilty to collaterally attack their sentences on double jeopardy grounds.  The Supreme Court explained that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."  <u>Broce</u>, 109 S.Ct. at 762.

The Ninth Circuit first addressed the question in <u>United States v. Pruitt</u>, 32 F.3d 431 (9th Cir. 1994).  Because the waiver of appeal in that case did not expressly include § 2255 motions the defendant's claim of ineffective assistance of counsel at sentencing proceedings was readily distinguished from the general observation that a plea agreement could not waive a claim of ineffective assistance of counsel based on "counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain."  Dictum in <u>Pruitt</u>

suggests that an ineffective assistance of counsel exception to waivers of appeal would be limited to those cases directly implicating the waiver. The court expressed doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea agreement. Pruitt teaches that a plea agreement does not waive the right to bring a federal habeas corpus motion unless it does so expressly. In the instant case there is an express waiver of collateral attacks on the conviction and/or sentence with the except of ineffective assistance of counsel claims based on information not known or reasonably known to the defendant at the time of the plea.[3] Oyagak's § 2255 motion contains no allegation that any of his ineffective assistance of counsel claims are predicated on information not known to him when he pled guilty.

      A plea agreement is contractual in nature; generally the court will enforce the plain language of the plea agreement if it clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153, (9th Cir 2005), cert. denied 126 S.Ct. 198 (2005). A waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made. *Id.* A defendant may also waive his statutory right to bring a § 2255 action. Pruitt, supra at 431.

---

[3] Plea Agreement, pp. 7 and 20.

In the instant case the defendant does not assert that the sentence imposed was inconsistent with the plea agreement. The defendant testified during the change of plea proceedings that he understood his plea agreement, that it reflected all the promises made to him and that he agreed with its content. He further stated that he understood and agreed that he was giving up his right to appeal or collaterally attack the judgment and sentence. He was asked if he was pleading guilty voluntarily and he answered "yes." None of the allegations in the § 2255 petition pertain to the voluntariness of the plea agreement or the waiver. His guilty plea pursuant to the agreement was accepted by the court as knowingly, intelligently and voluntarily made.

In the response to the government's request for a dismissal of the petition (response at Docket No. 123). Oyagak states that he did not file an appeal because of ineffective assistance of counsel and that he requested his counsel to file a notice of appeal. Docket No. 123, p.2. Neither Oyagak's § 2255 motion or the Amended Section 2255 Motion assert as a ground for relief a violation of his right to file a direct appeal based on his attorney's failure to file his request to file a notice of appeal. The form motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence contains a question asking whether the petitioner has appealed from the judgment of conviction, and if he did not raise the issue in a direct appeal, to explain why. It is not clear whether Oyagak, who is proceeding pro se, is attempting to

excuse his failure to appeal the issues asserted in his § 2255 motion because he believes that he was required to do so before seeking collateral relief. The court is mindful that pro se pleadings should be liberally construed in favor of the petitioner. However, a response to a motion to dismiss is not the proper place to amend or seek to amend the § 2255 motion. The amended petition fairly construed does not contain an allegation that trial counsel rendered ineffective assistance of counsel by failing to file a notice of appeal as instructed by the petitioner. A defendant must do more than simply state that his counsel failed to file a notice of appeal; he must allege facts or identify the subject matter for which he allegedly instructed his counsel to appeal. A direct appeal involves a review of specific issues and contentions. In the Plea Agreement Oyagak gave up his right to appeal provided neither of the two exceptions apply.

      Oyagak argues that it is plain that his case falls into the category of *per se* ineffective assistance of counsel because his counsel's conduct was so egregious as to constitute client abandonment and a joining with the government in an effort to obtain a conviction. See Frazer v. United States., 18 F.3d 778, 782 (9th Cir. 1994). Nothing in the asserted grounds remotely resembles such an allegation. Nor has Oyagak made any showing that the indictment was duplicitous, or, even if

it were, it would have somehow resulted in his not pleading guilty, but going to trial.[4] Beyond that, the arguments are purely legal, and therefore are barred by his waiver as they are not dependant on facts not known or knowable when he entered into the plea agreement.

Oyagak not only waived his right to file a direct appeal in his Plea Agreement but he also waived the right to seek collateral relief based on an ineffective assistance of counsel claim with very limited exceptions. Because all of the grounds in the two petitions identified by Oyagak including those relating to the claim of ineffective assistance of trial counsel can be determined as a matter of law on the government's motion to dismiss, no grounds appear to remain for further consideration by the court in the pending motion to vacate.

## Conclusion

In summary, Oyagak's motion to vacate does not allege facts which if proved would entitle him to relief beyond the grounds addressed in the government's motion to dismiss. For the foregoing reasons it is hereby recommended that the government's motion to dismiss at Docket No. 122 be **GRANTED**. Accordingly, it

---

[4] The test for multiplicity is whether each of the charges "requires proof of an additional fact which the other does not." United States v. McKittrick, 142 F.3d 1170, 1176 (9th Cir. 1998). In Oyagak's case, the Lacey Act violation (Count 1) required proof of an unlawfully taken walrus; which the Marine Mammal Protection Act (Counts 2 and 3) did not.

is also recommended that Oyagak's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket Nos. 112 and 120) be **DISMISSED**.

DATED this 24th day of April, 2007, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Monday, May 14, 2007.** Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **NOON, Monday, May 21, 2007.** The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. <u>See</u> <u>Hilliard v. Kincheloe</u>, 796 F.2d 308 (9th Cir. 1986).